NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MEALDEY SUONG, | No. 05-75775 |
| Petitioner, | Agency No. A096-155-975 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2010[**]
San Francisco, California

Before: HUG, REINHARDT and BYBEE, Circuit Judges.

Mealdey Suong, a native and citizen of Cambodia, petitions for review of

the Board of Immigration Appeals' ("BIA") summary affirmance of the

Immigration Judge's ("IJ") denial of her application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). Where the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

BIA affirms the IJ's decision without issuing an opinion, we review the IJ's decision. *Lanza v. Ashcroft*, 389 F.3d 917, 924 (9th Cir. 2004). We have jurisdiction under 8 U.S.C. § 1252. We review the IJ's adverse credibility findings for substantial evidence and may reverse only if the evidence compels a contrary conclusion. *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992). We affirm.

The IJ denied Suong's applications for asylum and withholding of removal, finding that she failed to testify credibly in support of her claims. Substantial evidence supports the IJ's adverse credibility determination. The IJ found that petitioner stated in her declaration that the Cambodian People's Party ("CPP") threatened to kill her at her workplace, but she did not mention this death threat during her testimony before the IJ. The IJ also found that petitioner testified that she brought letters showing her Sam Rainsy Party ("SRP") membership when she first entered the United States, but the letters are dated after her arrival date. Finally, the IJ found that petitioner provided inconsistent testimony regarding the number of times that she was allegedly followed by the CPP. Because the record supports the IJ's findings that there are inconsistencies regarding the death threats that petitioner received, the number of times that she was followed, and her SRP membership papers, the IJ's adverse credibility finding is supported. *See Goel v. Gonzales*, 490 F.3d 735, 739 (9th Cir. 2007) (holding that the adverse credibility finding was supported based on inconsistencies); *Kohli v. Gonzales*, 473 F.3d

1061, 1071 (9th Cir. 2007) (holding that the discrepancies between petitioner's testimony, declaration and letter of membership supported an adverse credibility finding).

Because petitioner's CAT claim was based on the testimony that the IJ found not credible, and she points to no other evidence to show it is more likely than not that she would be tortured if she returned to Cambodia, her CAT claim, which the IJ separately considered, also fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003).

Finally, petitioner failed to show that the BIA erred when it summarily affirmed the IJ's decision without an opinion. *See* 8 C.F.R. § 1003.1(e)(4)(i).

**AFFIRMED**.